UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANDRE D. ROSS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 1:17-CV-104-TAV-SKL |
| | ) | |
| KENNY CAULEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

On April 10, 2017, Andre D. Ross ("Petitioner") filed a "Notice to Accept U.S.C. 2254 Motion" [Doc. 1] and a motion to proceed *in forma pauperis* [Doc. 1]. On December 12, 2017, the Court granted Petitioner's motion to proceed *in forma pauperis* and advised Petitioner that his pleading was not in compliance with the Rules Governing Section 2254 Cases [Doc. 6]. Specifically, the Court found that Petitioner failed to substantially follow an approved form in attempting to set forth his grounds for relief [*Id*.]. Nevertheless, the Court gave Petitioner a limited opportunity to clarify his grounds for relief and bring his filing into compliance with the relevant rules [*Id*.]. The Court directed the Clerk to send Petitioner a court-approved preprinted form motion used to file motions to vacate under § 2254 and ordered Petitioner to complete the form motion, sign it, and return it to the Court within thirty days of the date of the Order [*Id*.]. Petitioner was forewarned that if he "fail[ed] to timely comply with this Order, the Court will dismiss this action for want of prosecution and failure to comply with orders of the Court" [*Id*. at 4].

More than thirty days have passed, and Petitioner has not filed any response to the Court's order. Federal Rule of Civil Procedure 41(b)[1] gives this Court the authority to dismiss a case for

---

[1] *See* Habeas Rule 11. "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions, may be applied to a proceeding under these rules." *Day v. McDonough*, 547 U.S. 198, 207 (2006).

"failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

> The Court looks to four factors when considering dismissal under Rule 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see also Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the Order sent to Petitioner's address on file was not returned to the Court. Petitioner's failure to respond to the Court's Order may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, in either case, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal. As defendant Kenny Cauley has not yet been served, he has not been prejudiced by Petitioner's inactions.

2

The third factor clearly weighs in favor of dismissal, as Petitioner has failed to comply with the Court's Order, despite being expressly warned of the possible consequences of such a failure.

Finally, the Court finds that alternative sanctions would not be effective. Petitioner has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Petitioner has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Petitioner's compliance. The Court thus concludes that, in total, the relevant factors weigh in favor of dismissal of Petitioner's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE