UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANDRE D. ROSS, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 1:17-CV-104-TAV-SKL |
| KENNY CAULEY, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

On January 22, 2018, the Court dismissed this action based on Petitioner's failure to prosecute [Doc. 11]. Now before the Court is Petitioner's "Motion to Request Evidentiary Hearing - to Correct Judgment" [Doc. 13]. Also before the Court are two motions to request status updates [Docs. 15, 17] and a motion to supplement [Doc. 16].

For the reasons that follow, Plaintiff's motion to reconsider [Doc. 13] will be **DENIED**, his two motions to request status updates [Docs. 15, 17] will be **GRANTED**, and his motion to supplement [Doc. 16] will be **DENIED as moot**.

I.  BACKGROUND

On April 10, 2017, Petitioner filed a Motion for Evidentiary Hearing to Correct Judgment [Doc. 2]. Although Petitioner's Motion appeared to set forth allegations that would challenge the validity of the judgment and sentencing of his convictions, this Court was hesitant to assume Petitioner's intentions. Even if this Court were to have re-characterized Petitioner's initial motion as a motion pursuant to § 2254, Petitioner's filing did not comply with the Rules Governing §2254 Cases. Specifically, Petitioner failed to

substantially follow an approved form in attempting to set forth his grounds for relief, and the Motion was not sworn under penalty of perjury.

In an Order entered December 12, 2017, this Court granted Petitioner leave to clarify his grounds for relief and to bring his filing into compliance with the relevant rules. About five days after the thirty-day deadline had passed, within which Petitioner was to complete the provided § 2254 form motion and return it to the Court, Petitioner filed an exact replica of the previously determined unacceptable Motion for Evidentiary Hearing [Docs. 7, 8]. Petitioner also filed a separate docket entry entitled "The 28 U.S.C. 1746- Penalty of Prejury [sic]" [Docs. 9].

## II. STANDARD OF REVIEW

The motion at hand, Petitioner's "Motion to Request Evidentiary Hearing - to Correct Judgment," may be reasonably construed as Rule 59(e) motion to alter or amend judgment. "Many pro se petitioners file inartfully drafted post-conviction motions, without specifying the legal basis for the requested relief. District courts, in an effort to assist pro se litigants unaware of the applicable statutory framework, often recharacterize such filings . . ." *United States v. McDonald*, 326 Fed. App'x. 880, 882 (6th Cir. 2009) (quoting *In re Shelton*, 295 F.3d 620, 621 (6th Cir. 2002)).

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" within "28 days after entry." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). The Rule's purpose "is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate

proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted). "A Rule 59(e) motion may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Besser v. Sepanak*, 478 Fed. App'x. 1001, 1001 (6th Cir. 2012). "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (3d ed. 1998); *see also Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993) (noting that Rule 59(e) motions "should be granted sparingly because of the interests in finality and conservation of judicial resources"). A Rule 59(e) motion is "aimed at reconsideration, not initial consideration." *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (citations omitted).

The Court notes that Petitioner is proceeding pro se, and pro se litigants' court submissions are to be construed liberally and held to a less stringent standard than submissions of lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1996). If the Court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982). Nevertheless, pro se status does not exempt Petitioner from the requirement that he comply with relevant rules of procedural and substantive law.

## III. ANALYSIS

Petitioner believes his case was improperly dismissed. Petitioner argues, "[he] completed the court-approved form motion, and signed it, and presented to the courts on January 5, 2018" [Doc. 12 p. 1]. However, in the following paragraph Petitioner claims that he submitted a § 2254 brief on January 10, 2018 [*Id*.]. Petitioner attached delivery receipts from USPS Tracking as evidence of his submissions [*Id*. at 2-3].

Nevertheless, the record does not support Petitioner's assertions. The docket reflects that Petitioner failed to enter the court-approved form motion provided by the Clerk's Office. Although, following the Court's Order, Petitioner filed a document that appears to set forth hand-written allegations challenging the validity of the judgment and sentencing of his convictions, this document is not signed under penalty of perjury [*See* Doc. 8]. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires that every petition "must . . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." The Petition therefore is subject to dismissal on this basis alone. *See Hall v. Trierweiler*, No. 16-cv-10126, 2016 WL 3511887, at *2 (E.D. Mich. July 6, 2016) (citing *Vernon v. Alexander*, 815 F.2d 81 (6th Cir. 1987)). Thus, even if this Court were to accept the handwritten allegations as Petitioner's operative pleading in this case, the document is still not in compliance with the relevant rules because it is not sworn under penalty of perjury. While the Court realizes that Petitioner is pro se, he must still comply with this procedural rule.

Accordingly, the Court finds that even construed in the most liberal manner, no error exists in the reasoning and analysis of the prior memorandum dismissing this action with prejudice for failure to prosecute or to comply with the rules or any order of the Court. *See* Fed. R. Civ. P. 41(b). District courts possess the inherent power to dismiss a case *sua sponte* for failure to prosecute. *Lyons-Bey v. Pennell*, 93 Fed. Appx. 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). Petitioner received a straightforward instruction from the Court to remedy his inadequate filing by resubmitted his allegations on a court-approved form signed under penalty of perjury. [Doc. 6]. For his convenience, the Court directed the Clerk to send Petitioner a court-approved preprinted form motion [*Id.*]. He also received a warning that "[f]ailure to comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." [*Id.*]. Petitioner was given ample time to correct his error before the Court dismissed his claim. Because Petitioner was given notice of his errors, time to correct those errors, and clear instructions on how to correct those errors, the Court's judgment does not result in manifest injustice. For these reasons, Petitioner's motion under Rule 59(e) lacks merit.

## IV. CONCLUSION

Nothing advanced in Petitioner's Motion presents the Court with any reason to find that a manifest injustice will occur unless the judgment is altered or amended. Because Petitioner has again failed to sign his claim under penalty of perjury and has otherwise failed to follow the Court's previous instructions to file his pleading on a court-approved

5

form motion, Petitioner's Motion to Request Evidentiary Hearing, which the Court interpreted as a Fed. R. Civ. P. 59(e) motion to alter or amend judgment [Doc. 13] is **DENIED.** Additionally, his Motions to Request Status Updates [Docs. 15, 17] are **GRANTED** to the extent that this Order is being entered, and his motion to Supplement [Doc. 16] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE